# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODOLFO SOLANO MARTINEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>488 HOSPITALITY GROUP LLC; 790 LOUNGE, LLC; MINO HABIB; and PAUL SERES;<br><br>Defendants. | Case No: 18 Civ. 6333 (PAC) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement (hereinafter, the "Agreement") is made and entered into by and between **RODOLFO SOLANO MARTINEZ** ("Plaintiff") and **488 HOSPITALITY GROUP, LLC; MINO HABIB;** and **PAUL SERES,** (collectively, "Defendants" or "The Attic") (Plaintiff and Defendants shall hereinafter be referred to as the "Parties").

**WHEREAS,** on or about May 14, 2018, Plaintiff filed a Demand for Arbitration against Defendants, asserting violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") seeking to recover unpaid wages, as well as tort claims under New York State law. Plaintiff then subsequently filed a complaint in the Southern District of New York, Case No.: 18 Civ. 6333 (together, the "Action").

**WHEREAS,** Plaintiff and Defendants (collectively, the "Parties") desire to fully and finally resolve and settle in full all wage and tort claims that Plaintiff had, has, or may have against Defendants, including, but not limited to, all those claims and issues that were raised in the Action;

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby

1

acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of this Action:

1. **No Admission of Liability.**

    Plaintiff agrees and acknowledges that this Agreement (including any of its discrete sub-parts) is not and shall not be construed as an admission by Defendants of any liability or any act or wrongdoing whatsoever, including without limitation, any violation of (1) any federal, state or local law, statue, regulation, code or ordinance; or (2) of any legal, common law or equitable duty owed by Defendants to anyone.

2. **Consideration.**

    In consideration for the promises that the Plaintiff has made in this Agreement, Defendants agree to pay the total gross sum of Fifteen Thousand Eight Hundred Twenty Two Dollars and Fifty Three Cents ($15,822.53) (the "Settlement Payment"), inclusive of attorneys' fees and costs, apportioned as follows: Ten Thousand One Hundred Thirty Three Dollars and Thirty Three Cents ($10,133.33) to Rodolfo Solano Martinez and Five Thousand Six Hundred Eighty Nine Dollars and Twenty Cents ($5,689.20) to Fitapelli & Schaffer, LLP, representing attorneys' fees and costs. All payments subject to withholdings shall be considered IRS Form W2 Payments and all payments not subject to withholdings shall be considered IRS Form 1099 payments. All payments made to Fitapelli & Schaffer, LLP shall be considered IRS Form 1099 payments.

    The Settlement Payment shall be paid pursuant to the six installment payments below:

    a) **First Installment Payment**: Within Ten (10) days of the Court granting approval of this Agreement and signing the Stipulation of Dismissal with

Prejudice attached as **Exhibit A** ("the Effective Date"), Defendant shall pay an installment payment of Two Thousand Six Hundred Thirty-Seven Dollars and Nine Cents ($2,637.09), apportioned as follows:

    i. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Five Cents ($844.45), less applicable taxes and withholdings, which shall represent wages or compensation allegedly due to Martinez, to be reported on an IRS Form W-2 issued to Martinez;

    ii. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Four Cents ($844.44), from which no taxes and withholdings will be deducted, which shall represent penalties, liquidated damages, compensatory damages, punitive damages, interest and other damages allegedly due to Martinez, to be reported on an IRS Form 1099 issued to Martinez;

    iii. One (1) check payable to Fitapelli & Schaffer, LLP in the amount Nine Hundred Forty-Eight Dollars and Twenty Cents ($948.20), in connection with Plaintiff's attorneys' fees, costs, and expenses.

b) **Second Installment Payment**: Within Thirty (30) days of the Effective Date, Defendant shall pay an installment payment of Two Thousand Six Hundred Thirty-Seven Dollars and Nine Cents ($2,637.09), apportioned as follows:

      i. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Five Cents ($844.45), less applicable taxes and withholdings, which shall represent wages or compensation allegedly due to Martinez, to be reported on an IRS Form W-2 issued to Martinez;

      ii. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Four Cents ($844.44), from which no taxes and withholdings will be deducted, which shall represent penalties, liquidated damages, compensatory damages, punitive damages, interest and other damages allegedly due to Martinez, to be reported on an IRS Form 1099 issued to Martinez;

      iii. One (1) check payable to Fitapelli & Schaffer, LLP in the amount Nine Hundred Forty-Eight Dollars and Twenty Cents ($948.20), in connection with Plaintiff's attorneys' fees, costs, and expenses.

c) **Third Installment Payment**: Within Sixty (60) days of the Effective Date, Defendant shall pay an installment payment of Two Thousand Six Hundred Thirty-Seven Dollars and Nine Cents ($2,637.09), apportioned as follows:

      i. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Five Cents ($844.45), less applicable taxes and withholdings, which

shall represent wages or compensation allegedly due to Martinez, to be reported on an IRS Form W-2 issued to Martinez;

ii. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Four Cents ($844.44), from which no taxes and withholdings will be deducted, which shall represent penalties, liquidated damages, compensatory damages, punitive damages, interest and other damages allegedly due to Martinez, to be reported on an IRS Form 1099 issued to Martinez.

iii. One (1) check payable to Fitapelli & Schaffer, LLP in the amount Nine Hundred Forty-Eight Dollars and Twenty Cents ($948.20), in connection with Plaintiff's attorneys' fees, costs, and expenses.

d) **Fourth Installment Payment**: Within Ninety (90) days of the Effective Date, Defendants shall pay an installment payment of Two Thousand Six Hundred Thirty-Seven Dollars and Nine Cents ($2,637.09), apportioned as follows:

i. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Five Cents ($844.45), less applicable taxes and withholdings, which shall represent wages or compensation allegedly due to Martinez, to be reported on an IRS Form W-2 issued to Martinez;

ii. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-

        Four Cents ($844.44), from which no taxes and withholdings will be deducted, which shall represent penalties, liquidated damages, compensatory damages, punitive damages, interest and other damages allegedly due to Martinez, to be reported on an IRS Form 1099 issued to Martinez.

   iii. One (1) check payable to Fitapelli & Schaffer, LLP in the amount Nine Hundred Forty-Eight Dollars and Twenty Cents ($948.20), in connection with Plaintiff's attorneys' fees, costs, and expenses.

e) **Fifth Installment Payment**: Within One Hundred Twenty (120) days of the Effective Date, Defendant shall pay an installment payment of Two Thousand Six Hundred Thirty-Seven Dollars and Nine Cents ($2,637.09), apportioned as follows:

   i. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Five Cents ($844.45), less applicable taxes and withholdings, which shall represent wages or compensation allegedly due to Martinez, to be reported on an IRS Form W-2 issued to Martinez;

   ii. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Four Cents ($844.44), from which no taxes and withholdings will be deducted, which shall represent penalties, liquidated damages, compensatory damages, punitive damages, interest and other damages

        allegedly due to Martinez, to be reported on an IRS Form 1099 issued to Martinez;

    iii. One (1) check payable to Fitapelli & Schaffer, LLP in the amount Nine Hundred Forty-Eight Dollars and Twenty Cents ($948.20), in connection with Plaintiff's attorneys' fees, costs, and expenses.

f) **Sixth Installment Payment**: Within One Hundred Sixty (160) days of the Effective Date, Defendant shall pay an installment payment of Two Thousand Six Hundred Thirty-Seven Dollars and Eight Cents ($2,637.08), apportioned as follows:

    i. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Five Cents ($844.45), less applicable taxes and withholdings, which shall represent wages or compensation allegedly due to Martinez, to be reported on an IRS Form W-2 issued to Martinez;

    ii. One (1) check payable to Rodolfo Solano Martinez ("Martinez") totaling the gross sum of Eight Hundred Forty-Four Dollars and Forty-Four Cents ($844.44), from which no taxes and withholdings will be deducted, which shall represent penalties, liquidated damages, compensatory damages, punitive damages, interest and other damages allegedly due to Martinez, to be reported on an IRS Form 1099 issued to Martinez.

       iii. One (1) check payable to Fitapelli & Schaffer, LLP in the amount Nine Hundred Forty-Eight Dollars and Nineteen Cents ($948.19), in connection with Plaintiff's attorneys' fees, costs, and expenses.

3. **Conditions Precedent.**

The parties' obligations under this Agreement are conditioned upon (1) Plaintiff executing this Agreement; and (2) the United States District Court Southern District of New York's approval of the terms of this agreement and dismissal of the Action with prejudice. Accordingly, the Parties shall not be bound by the terms of this agreement unless and until (1) Plaintiff executes the FLSA Agreement and this Agreement; and (2) the Court approves the FLSA Settlement Agreement.

4. **Waiver and Release.**

In consideration of the promises made by Defendants in this Agreement, Plaintiff releases and forever discharges Defendants and Defendants' successors, heirs, employees, and Members, from all claims raised or which could have been raised in the Lawsuit and/or via binding arbitration arising under the Fair Labor Standards Act and the New York Labor Law from July 12, 2012 through the date of execution of this agreement.

5. **Voluntary Dismissal of Claims with Prejudice.**

Plaintiff hereby authorizes and directs his attorneys, upon the full execution of this Agreement, to prepare, execute and file with the Court the Stipulation of Dismissal and Order with Prejudice in the format attached hereto as **Exhibit A** or in any other format required by the Court, and by executing any other documents necessary to complete such dismissal with prejudice as to

the individual claims of Plaintiff. The Stipulation of Dismissal shall include retention of jurisdiction in the Southern District of New York for the purpose of enforcement of this Agreement. The Parties further acknowledge that the Court will retain jurisdiction over this Action and its enforcement, particularly the Confession of Judgment, as set forth in Paragraph "7" herein.

6. **Tax Liability.**

Plaintiff shall take full and complete responsibility for any and all tax liability that might be incurred as a result of the receipt of any settlement monies under this Settlement Agreement, with the exception of the employer's share of payroll taxes, if any.

7. **Confession of Judgment.**

Contemporaneous with Defendants' execution of this Agreement, Defendants shall deliver to F&S an original Confession of Judgment on behalf of Paul Seres and Mino Habib on behalf of themselves, and Paul Seres on behalf of 488 Hospitality Group, LLC, in the amount of Thirty One Thousand Six Hundred Forty Five Dollars and Six Cents ($31,645.06), along with reasonable attorneys' fees incurred in entering and enforcing the judgment, statutory interest and costs, but less any payments previously paid by Defendants, to Plaintiff and his counsel in the forms of **Exhibit B.**

F&S shall hold in escrow the original Confession of Judgment, and upon full payment of the total Settlement Amount, F&S shall return the original to defendants' counsel and shall not retain any copies of the Confession of Judgment.

8. **Breach of Agreement**

In the event Defendants fail to make timely payments as set forth in Paragraph Two (2) of this Agreement or if any of the settlement payment checks bounce, Plaintiff shall notify Defendants both in writing via certified mail to: 488 Hospitality Group, LLC, Paul Seres, and Mino Habib c/o Robert Corbett, Esq., The Law Office of Robert Corbett, 40 Wall Street, 52nd Floor New York, New York 10005, and via email to rob@robcorbettlaw.com. Defendants shall have ten (10) business days from receipt of the certified mailing to cure the default.

In the event Defendants fail to cure within that ten-day period, barring any reasonable extension of time granted by Plaintiff in writing to Defendant, Plaintiff shall be permitted to file and enter the Confession of Judgment annexed as Exhibit B without further notice against Defendants in the United States District Court, Southern District of New York, in the amount of Thirty One Thousand Six Hundred Forty Five Dollars and Six Cents ($31,645.06), along with reasonable attorneys' fees incurred in entering and enforcing the judgment, statutory interest and costs, but less any payments previously paid by Defendants, and shall have immediate execution therefor. In the event Plaintiff files the Confession of Judgment, Defendants further agree to waive the right to seek or otherwise obtain any stay of execution and/or seek relief under any benefit arising under any exemption laws now or hereafter in effect, however, this does not include defense on grounds that a breach has occurred hereunder and/or whether the breach has been cured pursuant to the terms of this agreement.

In the event a court of competent jurisdiction finds a material breach of this agreement, the non-breaching party shall be entitled to recover damages as determined by that court, reasonable attorneys' fees and costs, and/or injunctive relief.

9. **Integrated Agreement.**

The parties agree and acknowledge that this Agreement constitutes and contains their entire agreement and understanding concerning the subject matter hereof and, except as otherwise provided herein, supersedes and replaces all prior negotiations, proposed agreement, or agreements, written, oral or implied. The parties further agree that any oral representation or modifications concerning this Agreement shall be of no force or effect, and this Agreement, can only be modified in a writing signed by all of the parties. The parties acknowledge to one another, that no other party, nor any agent or attorney of any other party, has made any promise representation or warranty (express, implied or statutory) not contained herein to induce them to execute this Agreement, and that they have not executed this Agreement in reliance upon any such promise, representation or warranty.

10. **Drafting.**

This Agreement shall not be interpreted in favor of or against either party, regardless of which party drafted it. This Agreement may only be modified, altered or changed in writing, signed by the Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11. **Governing Law.**

This Agreement shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce this Agreement shall lie in any federal or state court situated within the County of New York.

12. **Counterparts.**

This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears below, and all of which shall together constitute one and the same instrument, for the same effect as if all Parties had the same signature page. A facsimile copy, Adobe copy, and/or copies transmitted via electronic mail shall be considered the same as originals.

13. **Informed Consent.**

The parties agree and acknowledge that they have been represented by independent legal counsel of their own choice throughout all of the negotiations that preceded the execution of this Agreement and that they have freely and independently executed this Agreement.

14. **Binding Nature of Agreement.**

This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

15. **Interpretation.**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

16. **Headings.**

The headings of the provisions herein are intended for convenient reference only, and the

same shall not be, nor be deemed to be, interpretative of the contents of such provision.

17. **Representation.**

The undersigned Parties signing below, hereby expressly state that they have fully consulted with their respective legal counsel, prior to executing this Agreement, and are executing this Agreement, on their own free will, after full consultation with their respective legal counsel.

18. **No Assignment.**

Plaintiff hereby warrants and represents that he has not assigned nor in any way transferred or conveyed, all or any portion of the claims covered by this Agreement. Plaintiff acknowledges and agrees that this warranty and representation is an essential and material term of this Agreement, without which the Parties would not have entered into it.

19. **No Other Actions by Plaintiff.**

Plaintiff represents and agrees that, other than the captioned litigation, Plaintiff has not filed any charges, complaints, lawsuits, or other proceedings regarding the Released Claims with any court or with any municipal, state or federal board, agency or commission charged with the enforcement of any law or regulation.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**Plaintiff:**

_____   Jan 31, 2019
Rodolfo Solano Martinez (Jan 31, 2019)

Rodolfo Solano Martinez                              Date:

**Defendants:**

_____   2/11/19

488 Hospitality Group, LLC                           Date:

By:

Title:

_____

Mino Habib                                           Date:

_____   3/3/19

Paul Seres                                           Date:

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODOLFO SOLANO MARTINEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>488 HOSPITALITY GROUP LLC; 790 LOUNGE LLC; MINO HABIB; and PAUL SERES;<br><br>Defendants. | Case No: 18 Civ. 6333 (PAC) |

**STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff Rodolfo Solano Martinez ("Plaintiff") and Defendants 488 Hospitality Group LLC, 790 Lounge LLC; Mino Habib, and Paul Seres (collectively "Defendants"), by and through their undersigned counsel of record, stipulate that Plaintiff voluntarily dismisses this action with prejudice as to Defendants.

The Court shall retain jurisdiction as to enforcement of the settlement agreement.

IT IS SO STIPULATED

\* \* \*

Dated: April 1, 2019
New York, New York

Armando A. Ortiz
**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone (212) 300-0375

*Attorney for Plaintiff*

Respectfully submitted,

Robert Corbett, Esq.
**THE LAW OFFICE OF ROBERT CORBETT**
40 Wall Street, 52nd Floor
New York, New York 10005
Telephone (646) 770-1529

*Attorney for Defendants*

1

SO ORDERED on this _____ day of _____, 2019

_____
Hon. Paul A. Crotty, U.S.D.J.