UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RODOLFO SOLANO MARTINEZ,

              *Plaintiff,*

    -*against*-

488 HOSPITALITY GROUP, L.L.C.,

              *Defendant.*
------------------------------------------------------------X

18 Civ. 6333 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

The parties seek approval of a settlement of a wage and hour claim for minimum and overtime wages, pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as intentional and negligence-based tort claims, arising from Plaintiff's former employment at a bar owned and operated by Defendant. (Compl. ¶¶ 1-2.) The settlement amount is $15,822.53. The settlement amount includes 100% of Plaintiff's claim wages. (Dkt. 17 at 5.) Plaintiff's counsel seeks approval to receive its out-of-pocket litigation costs ($622.53) plus 1/3 contingency fee. (Dkt. 17 at 3.)

Although the release binds only Plaintiff and not Defendant, it is limited to the claims at issue and in time to the execution of the agreement. (Dkt. 18, Ex. 1 at 8.) The settlement appears generally to be fair and reasonable. Plaintiff's counsel failed however to submit its billing records as required.

## DISCUSSION

### I. Unilateral Release

The settlement agreement (Dkt. 18 Ex. 1 (the "Agreement")) states that: "In consideration of the promises made by Defendants in this Agreement, Plaintiff releases and forever discharges Defendants and Defendant's successors, heirs, employees, and Members, from all claims raised or

which could have been raised in the Lawsuit and/or via binding arbitration arising under the Fair Labor Standards Act and the New York Labor Law from July 12, 2012 through the date of execution of this agreement." (*Id.* at 8.) Although the Agreement does not contain a release of claims Defendant might have against Plaintiff, the release is acceptable because it is limited to matters relating to conduct set forth in this lawsuit arising before the date of execution. *See Chandler v. Total Relocation Servs., LLC*, 15 Civ. 6791, 2017 U.S. Dist. LEXIS 121355, at *10 (S.D.N.Y. Aug. 2, 2017) (approving agreement with unilateral general release referred to as a "general release" limited to matters relating to conduct set forth in the lawsuit); *see also Terrero v. Compass Group USA, Inc.*, 14-CV-8129 (JMF), 2014 U.S. Dist. LEXIS 169833, at *8 (S.D.N.Y. Dec. 8, 2014) (approving agreement with Plaintiff-only general release that waived all past and future claims arising from Plaintiff's former employment with the Defendant).

Since the instant proposed agreement amounts to 100% of Plaintiff's unpaid wages, the proposed settlement is fair and reasonable. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. July 5, 2012) ("In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider [*inter alia*]: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion").

## II. Billing Records

Plaintiff's counsel's requested contingency fee of 1/3 of the settlement amount is reasonable; this percentage is "commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, 13-CV-1767 (NGG) (MDG), 2015 U.S. Dist. LEXIS 71877, at *7

(E.D.N.Y. June 3, 2015). But despite submitting itemized out-of-pocket litigation expenses, Plaintiff failed to submit billing records. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. Mar. 30, 2015) ("[A] proper fee request 'entails submitting contemporaneous billing records, documenting, for each attorney, the date, the hours expended, and the nature of the work done.'") (*quoting Wolinsky*, 900 F.Supp. 2d 332, 336 (S.D.N.Y. July 5, 2012)).

Although "[a] contingency fee award is presumptively valid where 'the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method' in this district," *Espindola v. Madison Glob. LLC*, No. 18-CV-3420 (RA), 2019 U.S. Dist. LEXIS 95397, at *2 (S.D.N.Y. June 6, 2019) (*quoting Angamarca v. Hud-Moe LLC*, No. 18-CV-1334 (RA), 2018 U.S. Dist. LEXIS 212518, at *2 (S.D.N.Y. Dec. 17, 2018)), "[i]n an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 225, 229-30 (S.D.N.Y. Dec. 8, 2016). Accordingly, even though Plaintiff's counsel requests a presumptively reasonable contingency fee of 1/3, counsel must submit billing records that reflect reasonable time expenditures so that the Court may ensure that the requested fees do not disproportionately compensate Plaintiff's counsel for the time and effort expended in this litigation. *See Smith v. Digital Soc. Retail, Inc.*, No. 1:18-cv-6602 (RA), 2019 U.S. Dist. LEXIS 78869, at *2 (S.D.N.Y. May 7, 2019); *Tapia v. Mount Kisco Bagel Co.*, Case No. 18-CV-2864 (KMK), 2018 U.S. Dist. LEXIS 175529, at *8-9 (S.D.N.Y. Oct. 10, 2018 ). The Court cannot approve the Agreement until these records are submitted.

## **CONCLUSION**

For the reasons stated, the Court declines to approve the Agreement at this time. Plaintiff's counsel is directed to provide billing records within 30 days for the Court's approval.

Dated: New York, New York  
      July 26, 2019

SO ORDERED

*[signature]*  
PAUL A. CROTTY  
United States District Judge